OPINION
{¶ 1} Defendant-appellant Jeremy C. Dotson appeals from the denial of his petition for post-conviction relief, without a hearing. He contends that the trial court erred by failing to hold an evidentiary hearing on his petition. We conclude that Dotson's petition was untimely. Therefore, the trial court was without statutory authority *Page 2 
to entertain the petition, and did not err in denying it without holding an evidentiary hearing. The order from which this appeal is taken is Affirmed.
 I {¶ 2} In 2003, Dotson was convicted of one count of Having Weapons While Under a Disability, one count of Involuntary Manslaughter in violation of R.C. 2903.04(A), with a firearm specification, one count of Involuntary Manslaughter in violation of R.C. 2903.04(B), with a firearm specification, and one count of Tampering with Evidence. Dotson was sentenced accordingly. Dotson appealed, and we affirmed his convictions.State v. Dotson, Clark App. No. 2003 CA 34, 2004-Ohio-6875.
 {¶ 3} While his appeal was pending, Dotson filed a petition for post-conviction relief. The trial court dismissed his petition because it was untimely. Although the court held no hearing on the petition, the court did consider the merits of each of Dotson's arguments. Dotson now appeals from that decision.
 II {¶ 4} Dotson's sole assignment of error is as follows:
 {¶ 5} "THE COURT ERRED IN NOT ORDERING AN EVIDENTIARY HEARING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF."
 {¶ 6} Dotson argues that because the appellate court record was supplemented with a transcript of the grand jury testimony of one witness, his time in which to file his petition for post-conviction relief was extended. Additionally, Dotson attempts to further extend his time by using the date of the filing of the 11(B), notice rather than the filing of *Page 3 
the grand jury transcript. Dotson offers no support for these claims, and we have found none.
 {¶ 7} When a petitioner for post-conviction relief is also pursuing a direct appeal of his conviction, his petition must be filed no later than 180 days after the trial transcript is filed in the court of appeals. R.C. § 2953.21(A)(2), emphasis ours. Dotson's trial transcript was filed on July 2, 2003, which means that in order for his petition to be timely, it had to have been filed no later than December 29, 2003. However, Dotson did not file his petition until July 16, 2004, more than one year after the trial transcript was filed with this court, and nearly seven months after the 180-day deadline. Failure to file within time defeats the jurisdiction of the trial court to consider the petition unless the untimeliness is excused under R.C. § 2953.23.State v. Brewer (May 14, 1999), Montgomery App. No. 17201; State v.Ayers (Dec. 4, 1998), Montgomery App. No. 16851.
 {¶ 8} Pursuant to R.C. § 2953.23(A), a defendant may file a petition for post-conviction relief outside of the prescribed time if he is unavoidably prevented from discovering the facts upon which he relies to present his claim or if the United States Supreme Court recognizes a new right that petitioner alleges applies retroactively to his situation. And the petitioner must show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder could have found him guilty. Id.
 {¶ 9} Dotson made none of these allegations. Because he failed to satisfy any of the conditions that could excuse a filing beyond the prescribed time, the trial court properly dismissed the petition, and no hearing was necessary. *Page 4 
 III {¶ 10} Dotson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1