OPINION
{¶ 1} Defendant-appellant, James Chavis-Tucker, appeals from a judgment of the Franklin County Court of Common Pleas dismissing his petition for post-conviction relief. Because appellant's petition was untimely, we affirm that judgment.
 {¶ 2} On March 4, 1996, a jury found appellant guilty of one count of aggravated murder with a firearm specification. The trial court sentenced appellant to a prison term of 20 years to life with three years of actual incarceration for the firearm specification. Appellant filed a notice of appeal to this court from his judgment of conviction and sentence. The transcript of appellant's trial was filed with this court on June 14, 1996. This court affirmed appellant's conviction. State v.Chavis-Tucker (Dec. 26, 1996), Franklin App. No. 96APA04-508 (Memorandum Decision).
 {¶ 3} On March 3, 1997, appellant filed in the trial court, a petition for post-conviction relief pursuant to R.C. 2953.21. His petition stated that he received the ineffective assistance of trial counsel. On August 15, 2005, the trial court dismissed appellant's petition without a hearing. The trial court found that appellant did not meet his burden to set forth operative facts to establish grounds for relief.
 {¶ 4} Appellant appeals and assigns the following error:
I. THE TRIAL COURT ERRED WHEN IT DISMISSED DEFENDANT' [SIC] PETITION FOR POST-CONVICTION RELIEF WITHOUT A HEARING AFTER THE DEFENDANT HAD MADE A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 5} The State first claims that the trial court properly dismissed appellant's petition because it was untimely. We agree. R.C. 2953.21 sets forth the requirements for filing a petition for post-conviction relief. R.C. 2953.21(A)(2) provides:
* * * [A] petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, * * * the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 {¶ 6} Pursuant to this statute, appellant had to file his post-conviction petition no later than 180 days after June 14, 1996, the date the trial transcript was filed in his direct appeal to this court. That date was on or around December 11, 1996. Appellant did not file his petition until March 3, 1997. Therefore, appellant's petition was untimely.
 {¶ 7} Appellant claims that his petition was timely because he filed two supplemental transcripts in his direct appeal to this court on September 13, 1996. Those transcripts were of pretrial hearings concerning scheduling and appellant's bond. Neither transcript was from appellant's trial. Appellant claims that the 180-day time period to file his petition for post-conviction relief began from the filing of these transcripts and that his petition was timely filed within those 180 days. We disagree.
 {¶ 8} R.C. 2953.21(A) provides that the 180-day time period begins to run on the date that the trial transcript is filed. The obvious intent of the statute is to place a time limitation on post-conviction actions. State v. Weaver (July 27, 1999), Franklin App. No. 98AP-1345; State v. Fields (1999),136 Ohio App.3d 393, 397. Appellant should not be allowed to unilaterally extend the statute's time limitation by filing irrelevant transcripts of pretrial hearings months after the filing of his trial transcript. See State v. Johnson (Feb. 9, 2001), Trumbull App. No. 99-T-0143 (filing of suppression hearing transcript 5 months after trial transcript filed does not change when 180-day period begins); cf., Weaver (refusing to extend time period when defendant files transcript in one of two appeals, allows the dismissal of that appeal and later files transcript in second appeal). The controlling date is when the transcript from appellant's trial was filed. In this case, the transcript from appellant's jury trial was filed on June 14, 1996. Thus, appellant's March 3, 1997 petition was untimely.
 {¶ 9} A trial court lacks jurisdiction to entertain an untimely petition for post-conviction relief unless petitioner demonstrates that one of the exceptions in R.C. 2953.23(A) applies. State v. Lee (June 8, 2000), Franklin App. No. 99AP-668; State v. Raines, Franklin App. No. 03AP-1076, 2004-Ohio-2524, at ¶ 5. Those exceptions allow a trial court to consider untimely petitions for post-conviction relief in limited situations. Appellant did not allege, much less establish, that one of the exceptions applied to his petition. With regard to R.C. 2953.23(A)(1), he did not allege that he was unavoidably prevented from discovering the facts upon which he relies in his petition or that his claim was based on a new federal or state right recognized by the United States Supreme Court that could be retroactively applied to appellant's case. Additionally, there is no indication that DNA results establish appellant's actual innocence. R.C. 2953.23(A)(2).
 {¶ 10} Because appellant failed to establish the applicability of an exception that would allow the trial court to consider his untimely petition, the trial court lacked jurisdiction to entertain his petition for post-conviction relief. State v. Russell, Franklin App. No. 05AP-391, 2006-Ohio-383, at ¶ 10. Accordingly, the trial court did not err in dismissing the petition. Id.; State v. Hensley, Lorain App. No. 03CA008293, 2003-Ohio-6457, at ¶ 7. Further, because the trial court lacked jurisdiction to consider appellant's untimely petition, it was not required to hold an evidentiary hearing.Russell, at ¶ 10.
 {¶ 11} Our disposition of the jurisdictional issue renders moot appellant's lone assignment of error, which addresses the merits of his petition. Raines, supra, at ¶ 7. Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McGrath and Travis, JJ., concur.