THE STATE OF OHIO, APPELLEE, *v.* HOLLINGSWORTH, APPELLANT.

[Cite as *State v. Hollingsworth,* 118 Ohio St.3d 1204, 2008-Ohio-1967.]

(No. 2007–1752—Submitted April 9, 2008—Decided April 30, 2008.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

MOYER, C.J., and PFEIFER and LUNDBERG STRATTON, JJ., concur separately.

---

**MOYER, C.J., concurring.**

{¶ 2} Appellant Ernest Hollingsworth asks this court to hold that in the statutory mandate that a petition for postconviction relief "be filed no later than one hundred eighty days after the date on which the trial transcript is filed," R.C. 2953.21(A)(2), the phrase "trial transcript" means "the record on appeal." The appellant's argument would be a reasonable request if it were not inconsistent with the plain words of R.C. 2953.21(A)(2), which expressly provides that the limitations period begins when the *trial transcript* is filed. I note that in the absence of a statutory definition of "trial transcript," even the appellee wants a definition that is not consistent with the statutory wording.

{¶ 3} I write separately, however, to note that there are strong policy arguments in favor of commencing the limitations period on the date that the record was filed. The record on appeal includes "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." App.R. 9(A). If an individual were planning to focus his petition for postconviction relief on matters that appear in the record but not in the trial transcript, he would benefit greatly from time to review the record. In the present case, however, we cannot hold that the limitations period begins when the record was filed, because we are restricted by the language of R.C. 2953.21(A)(2), which expressly provides that the limitations period begins on the date the trial transcript is filed.

{¶ 4} I also write separately to note that if the appellant is correct that persons are given no notice of the filing of the trial transcript, that lack of notice may rise to the level of a due process violation. The most basic requirement of due process is that individuals receive notice and a meaningful opportunity to be heard. *Ohio Assn. of Pub. School Emps., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 176, 624 N.E.2d 1043. The appellant himself does not advance a due process claim, nor would he be likely to succeed on one, because he does not appear to have been adversely affected by the lack of notice: He filed his petition for postconviction relief within 180 days of the filing of the trial transcript, and his petition was untimely only because he filed it in the incorrect court and refiled in the correct court after the expiration of the limitations period. I nevertheless write to note my concern with the due process implications of a failure to provide notice of the filing of the trial transcript when that filing marks the commencement of the limitations period for filing a petition for postconviction relief. I urge the General Assembly to revisit R.C. 2953.21(A)(2) to avoid potential due process problems.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing opinion.

———

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Scott M. Heenan, Assistant Prosecuting Attorney, for appellee.

Elizabeth E. Agar, for appellant.

Timothy Young, Ohio Public Defender, and Richard J. Vickers, Randall L. Porter, and Ruth L. Tkacz, Assistant Ohio Public Defenders, urging reversal for amicus curiae, Ohio Public Defender.