THE STATE OF OHIO, APPELLEE, *v.* EVERETTE, APPELLANT.

[Cite as *State v. Everette,* **129 Ohio St.3d 317, 2011-Ohio-2856.**]

*Postconviction relief — Definition of "transcript" — The written transcript constitutes the "transcript" under App.R. 9 and R.C. 2953.21(A)(2) when both a videotape recording and written transcript of proceedings are available — Judgment reversed and cause remanded.*

(No. 2010-1325 — Submitted April 5, 2011 — Decided June 16, 2011.)

APPEAL from the Court of Appeals for Montgomery County, No. 23585, 2010-Ohio-2832.

_____

SYLLABUS OF THE COURT

For purposes of determining when the 180-day time period for filing a postconviction-relief petition shall accrue, only the certified, written transcript constitutes a "transcript" under App.R. 9 and R.C. 2953.21(A)(2) when both a videotape recording and the written form of the proceedings are available.

_____

**O'CONNOR, C.J.**

{¶ 1} In this appeal, we decide whether a videotape recording of the trial court proceedings filed in the court of appeals constitutes a "transcript" pursuant to App.R. 9(A) and R.C. 2953.21(A)(2) so as to trigger the 180-day time requirement for filing a petition for postconviction relief under the statute. For the reasons stated below, we hold that for purposes of determining when the 180-day time period for filing a postconviction-relief petition shall accrue, only the certified, written transcript constitutes a "transcript" under App.R. 9 and R.C. 2953.21(A)(2) when both a videotape recording and the written form of the

proceedings are available.  Accordingly, we reverse the judgment of the court of appeals and remand the cause to the court of appeals for consideration of appellant's second assignment of error.

**Relevant Background**

{¶ 2}   In June 2008, a jury found Thomas E. Everette Jr., appellant, guilty of aggravated murder, aggravated robbery, and grand theft of a motor vehicle, all with firearm specifications.  The trial court found him guilty of having a weapon while under disability and sentenced him to life imprisonment with the possibility of parole after 28 years.

{¶ 3}   Everette appealed his conviction on July 16, 2008.  That same day, Everette's trial counsel requested preparation of the trial transcript.  On August 1, 2008, Everette's appellate counsel filed a praecipe in the appellate court, requesting a transcript of a suppression hearing.  On August 26, 2008, six videotapes—including videotapes of the trial, the hearing on Everette's motion to suppress, and the sentencing hearing—were filed.  A summary of the docket was filed two days later.  That same day, the clerk of courts issued its App.R. 11(B) notification that the appellate record was complete and that the transcript of proceedings had been filed on August 26, 2008.  Written transcripts of the suppression hearing and the trial were filed on October 15, 2008.

{¶ 4}   On April 8, 2009, Everette submitted a petition for postconviction relief, claiming that his trial counsel had rendered ineffective assistance by failing to call a detective as a witness, failing to gather and present telephone records at trial, and failing to object to prosecutorial misconduct.  Everette supported his petition with his own unsworn statement and indicated that he needed the transcripts to further support his claims.

{¶ 5}   On April 20, 2009, the state, appellee, moved to dismiss Everette's petition as untimely because it had been filed more than 180 days after the filing of the transcript of proceedings (the videotapes) in violation of R.C. 2953.21

(petition for postconviction relief) and 2953.23 (time for filing petition; appeals). Alternatively, the state argued that Everette had not shown that there were substantive grounds for relief, and therefore his petition should be summarily denied.

{¶ 6} Everette opposed the motion, arguing that his 180-day time limitation did not begin until October 15, 2008, when the written transcripts were filed. Consequently, he argued, his petition was due on April 13, 2009, not February 23, 2009, as the state asserted, and was timely.

{¶ 7} The trial court dismissed Everette's petition, holding that it was untimely under R.C. 2953.21(A)(2) because Everette had not established that this filing met any of the exceptional circumstances listed in R.C. 2953.23(A) that excuse untimely filings and because he had "not shown the existence of substantive grounds for relief, which would render his petition subject to dismissal without a hearing, even if timely." Everette appealed to the Second District Court of Appeals, which was also hearing his direct appeal.

{¶ 8} The appellate court affirmed the trial court's dismissal of Everette's petition for postconviction relief. *State v. Everette*, Montgomery App. No. 23585, 2010-Ohio-2832, ¶ 39. In overruling Everette's assignments of error, the Second District held that the videotaped recordings that were filed on August 26, 2008, constituted the transcript of proceedings. Id. at ¶ 33. Consequently, the 180-day time period for filing Everette's petition for postconviction relief began on August 26, 2008, and expired on February 23, 2009. Id. at ¶ 26.

{¶ 9} Everette appealed to this court for discretionary review, which this court granted, 126 Ohio St.3d 1597, 2010-Ohio-4928, 935 N.E.2d 44, to clarify what constitutes a "trial transcript" for purposes of filing a petition for postconviction relief pursuant to R.C. 2953.21(A)(2). We hold that in cases in which a videotape recording of the proceedings and a written form of the trial court proceedings is certified by a reporter, only the certified, written transcript of

the trial court proceedings constitutes a "transcript" under App.R. 9 for purposes of calculating the 180-day period in which an appellant may timely file a petition for postconviction relief in accordance with R.C. 2953.21.

### Analysis

*R.C. 2953.21 and App.R. 9 Provide Little Guidance as to the Definitions of "Trial Transcript" or "Transcript of Proceedings"*

{¶ 10} R.C. 2953.21(A)(2) sets forth the time by which a petition for postconviction relief must be filed. That statute provides:

{¶ 11} "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court."

{¶ 12} Although R.C. 2953.21 does not define "trial transcript," App.R. 9(A), which governs the record on appeal, is instructive:

{¶ 13} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the

4

questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.

{¶ 14} "In all capital cases the trial proceedings shall include a written transcript of the record made during the trial by stenographic means."

{¶ 15} Although App.R. 9(A) is helpful in determining what constitutes a "trial transcript" or a "transcript of proceedings," in and of itself, the rule does not provide sufficient clarity to resolve this issue. Thus, our analysis does not end here.

*In the Absence of a Statutory Definition, "Trial Transcript" and "Transcript of Proceedings" Should be Given Their Usual, Normal, and Customary Meanings*

{¶ 16} The legislature has not defined "trial transcript." See *State v. Hollingsworth*, 118 Ohio St.3d 1204, 2008-Ohio-1967, 886 N.E.2d 863, ¶ 2 (Moyer, C.J., concurring in decision to dismiss the cause as having been improvidently accepted). However, we are not left without guidance. The General Assembly has directed that words not defined by statute "shall be * * * construed according to the rules of grammar and common usage." R.C. 1.42. In accordance with that statutory mandate, we have held repeatedly that "[i]n the absence of a specific statutory definition, words used in a statute must be interpreted in their usual, normal, or customary meaning." *State ex rel. Brenders v. Hall* (1995), 71 Ohio St.3d 632, 634, 646 N.E.2d 822; *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 220, 631 N.E.2d 150.

{¶ 17} In accordance with the directive of R.C. 1.42, we proceed to define "trial transcript" and "transcript of proceedings" by giving them their usual, normal, and customary meaning.

*Common Usage of "Trial Transcript" and "Transcript of Proceedings"*

{¶ 18} Black's Law Dictionary defines "transcript" as "[a] handwritten, printed, or typed copy of testimony given orally; esp., the official record of

proceedings in a trial or hearing, as taken down by a court reporter." Black's Law Dictionary (9th Ed.2009) 1636. Webster's Third New International Dictionary defines "transcript" as "a written or printed copy"; "a usu. typewritten copy of dictated or recorded matter"; "an official or legal and often published copy or engrossment of a decree, testimony, or proceedings." Webster's Third New International Dictionary (1986) 2426.

{¶ 19} Black's Law Dictionary defines "transcript of proceedings" as "[a] compilation of all documents relating to a bond issue, typically including the notices, affidavits of notices, a bond resolution (or bond ordinance), official statement, trust indenture and loan agreements, and minutes of meetings of all authorizing bodies." Black's Law Dictionary at 1636.

{¶ 20} Based on these definitions of "transcript" and "transcript of proceedings," we hold that a "transcript" or "transcript of proceedings" must be in written, typed, or printed form.

{¶ 21} Our holding is consistent with the usual, normal, and customary meanings of the words and also in harmony with the proposed amendments to App.R. 9. According to the Staff Note for the July 1, 2011 amendment to App.R. 9, "[t]he amendments * * * are designed to strike a balance between the trial court's autonomy in determining how to record proceedings in the trial court and the appellate court's preference for official transcripts in lieu of video recordings transcribed by counsel or counsel's assistants. Under App.R. 9(A), trial courts may choose to record proceedings through the use of a stenographic/shorthand reporter, an audio-recording device, and/or a video-recording device, except in capital cases, in which a stenographic/shorthand reporter is required. *Regardless of the method of recording the proceedings, a transcript is required for the record on appeal; a videotaped recording of the trial court proceedings is no longer adequate.*" (Emphasis added.)

6

**{¶ 22}** As stated in the Staff Note, appellate courts prefer written transcripts, because portions of the proceedings are required to be cited on appeal. While modern technology has advanced how proceedings before a trial court may be recorded and documented, the written, typed, or printed version remains the ideal way of citing the record on appeal. In fact, in many courtrooms, proceedings are recorded by audio or video devices rather than by stenographic reporters. Despite these technological advances, a written document with page numbers is much easier to cite than a transcript in another medium, such as a videotape or audio recording, and avoids subjective interpretation of the words uttered by witnesses. In addition, a written transcript provides all parties and the courts with an objective source from which all concerned can refer to the same information.

*Parties' Interpretation of "Trial Transcript" and "Transcript of Proceedings"*

**{¶ 23}** The state argues that we need look no further than App.R. 9(A) to reach a determination: "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form." The state contends that because videotape recordings *are* the transcript of the proceedings, we need not look beyond this single sentence to resolve this issue.

**{¶ 24}** We are not persuaded.

**{¶ 25}** The state's myopic focus on a single sentence in App.R. 9(A) ignores the other language in the rule and is contrary to a tenet of statutory interpretation: "A guiding principle of statutory interpretation is that the statute must be construed as a whole and each of its parts must be given effect so that they are compatible with each other and related enactments." *Brookwood Presbyterian Church v. Ohio Dept. of Edn.*, 127 Ohio St.3d 469, 2010-Ohio-5710, 940 N.E.2d 1256, ¶ 26 (Brown, C.J., dissenting), citing *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45, 49, 59 O.O. 65, 133 N.E.2d 780.

{¶ 26} Everette correctly argues that App.R. 9(A), looked at as a whole, identifies a certified, written transcript as the transcript of proceedings when one is filed. The second sentence of App.R. 9(A) provides that a "videotape recording of the proceedings constitutes the transcript of proceedings *other than hereinafter provided*, and, for purposes of filing, need not be transcribed into written form." (Emphasis added.) The phrase "other than hereinafter provided" is instructive generally because it signals that there is an exception that follows later in the rule.

{¶ 27} Significantly, the rule later states: "When the written form is certified by the reporter in accordance with App.R. 9(B), such written form *shall* then constitute the transcript of proceedings." (Emphasis added.) Thus, although it is true that a videotape recording of the proceedings constitutes the transcript of the proceedings when a written transcript is not provided, pursuant to this exception, when a written transcript is certified by the reporter, it constitutes the "transcript of proceedings" under App.R. 9(A). We thus hold that whenever a written transcript is certified by the reporter in accordance with App.R. 9(A), the written transcript shall constitute the trial "transcript" or "transcript of proceedings" for purposes of calculating the time by which to file a petition for postconviction relief. A videotape recording constitutes the trial transcript or transcript of proceedings only when there is no written transcript certified by the reporter.

{¶ 28} To hold otherwise would render the exception in the rule meaningless. Under the state's view, whenever a videotape recording of the proceedings is filed, the clock for purposes of appeal would begin to run. That would mean that the 180-day time limit does not begin to run until the videotape recording is filed even if a certified, written transcript is filed first. That result is not only contrary to the language of App.R. 9(A), but defies logic.

*Application to this Case*

8

{¶ 29} Here, the videotapes were filed first on August 26, 2008. The certified, written transcripts were filed on October 15, 2008. Under our holding, the clock for calculating the timeliness of Everette's petition did not begin to run until October 15, when the certified, written transcripts were filed. Thus, Everette had 180 days from October 15, 2008, to file his petition for postconviction relief pursuant to R.C. 2953.21. Because Everette filed it within this 180-day time period, his petition for postconviction relief was timely.

### Conclusion

{¶ 30} In cases in which a videotape recording of the proceedings and a written form of the proceedings is certified by a reporter, only the certified, written transcript of the trial court proceedings constitutes a trial transcript or transcript of proceedings under App.R. 9 so as to start the clock for the 180-day period to file a petition for postconviction relief in accordance with R.C. 2953.21. Therefore, the 180-day period to file a petition for postconviction relief does not begin to run until the certified, written transcript of the proceedings is filed. Because the trial court and court of appeals erred in holding that the petition for postconviction relief was untimely, we reverse the judgment of the court of appeals and remand to the court of appeals for consideration of appellant's second assignment of error.

Judgment reversed

and cause remanded.

PFEIFER, LUNDBERG STRATTON, and MCGEE BROWN, JJ., concur.

O'DONNELL, LANZINGER, and CUPP, JJ., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 31} I respectfully dissent.

{¶ 32} The statute that relates to timely filing states, "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1)

of this section shall be filed no later than *one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal* of the judgment of conviction or adjudication *or*, if the direct appeal involves a sentence of death, the *date on which the trial transcript is filed in the supreme court*." (Emphasis added.) R.C. 2953.21(A)(2). In either situation, it is the trial transcript's filing in the appellate court that begins the running of the 180-day time frame.

{¶ 33} Although the Supreme Court Rules of Practice do not discuss the meaning of a trial transcript, App.R. 9(A) does:

{¶ 34} "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases. *A videotape recording of the proceedings constitutes the transcript of proceedings* other than hereinafter provided*, and, for purposes of filing, need not be transcribed into written form. Proceedings recorded by means other than videotape must be transcribed into written form.* When the written form is certified by the reporter in accordance with App.R. 9(B), such written form shall then constitute the transcript of proceedings. When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs.

{¶ 35} "In all capital cases the trial proceedings shall include a written transcript of the record made during the trial by stenographic means." (Emphasis added.)

{¶ 36} Thus, the "transcript of proceedings *if any*" constitutes part of the record on appeal. A videotape recording of the proceedings is the transcript and, unlike proceedings recorded by other means, need not be transcribed into written

form for filing. Capital cases must have a written transcript of the record made by stenographic means. The language of App.R. 9(A) specifies that videotaped proceedings are different and need not be transcribed for purposes of filing.

**{¶ 37}** Although the majority wishes to adopt language of the proposed rule that would make videotape recordings no longer adequate as transcripts for purposes of appeal, those rule amendments have not yet been adopted. When App.R. 9 is looked at in its entirety, in its current form, the state's position is correct. On August 26, 2008, six videotapes—including videotapes of the trial, the hearing on Everette's motion to suppress, and the sentencing hearing—were filed. Consequently, the 180 days to file his petition for postconviction relief began that day and expired on February 23, 2009. I would affirm the judgment of the court of appeals in dismissing this appeal as untimely.

O'DONNELL and CUPP, JJ., concur in the foregoing opinion.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Andrew T. French, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, for appellant.

_____