[Cite as *State v. Durham*, 2012-Ohio-4165.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98044**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROY DURHAM

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal    from the
Cuyahoga County Court of Common Pleas
Case No. CR-525549

**BEFORE:**   Stewart, P.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 13, 2012

**ATTORNEY FOR APPELLANT**

Gregory Scott Robey
Robey & Robey
14402 Granger Road
Maple Heights, OH    44137


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    T. Allan Regas
           Kristen L. Sobieski
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

**{¶1}** Defendant-appellant Roy Durham, Jr. sought postconviction relief from his conviction for felonious assault and kidnapping. He claimed that he was denied the effective assistance of counsel because his trial attorney failed to investigate and subpoena potential witnesses and failed to utilize exculpatory evidence at trial. The state argued that Durham's claims were barred by res judicata because the evidence submitted in support of the petition was available to Durham prior to trial. The court denied relief finding that none of the documents that Durham offered were outside the original record and that other evidence did not amount to newly discovered evidence outside the record.

**{¶2}** R.C. 2953.21(A)(1) permits a person convicted of a criminal offense, and who claims that there was a denial or infringement of the person's rights under either the Ohio Constitution or the United States Constitution, to file a petition asking the court to vacate or set aside the judgment. R.C. 2953.21(A)(2) states that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" The time requirements for postconviction relief under R.C. 2953.21(A) are jurisdictional. *State v. Hutton*, 8th Dist. No. 80763, 2007-Ohio-5443, ¶ 23.

{¶3} The state argues that Durham did not timely file his petition for postconviction relief. It maintains that the record in Durham's direct appeal was filed June 10, 2010 and that Durham did not file his petition for postconviction relief until March 12, 2011 — a time period exceeding 180 days. It further argues that Durham did not explain the delay by advising the court that he had been "unavoidably prevented" from discovering the facts that he was relying upon in the petition nor did he claim entitlement to a new federal or state right that applied retroactively to his situation. *See* R.C. 2953.23(A).

{¶4} The state's recitation of facts is correct — more than 180 days elapsed from the time the record was filed in Durham's direct appeal to the time he filed his petition for postconviction relief. So on the face of the record, Durham's petition was untimely.

{¶5} Although Durham filed a supplemental record in his direct appeal on September 13, 2010, this filing did not extend the time in which to file the petition for postconviction relief. The filing of a supplemental record "is irrelevant for the purposes of the 180-day time limit for a postconviction relief petition." *State v. Rice*, 11th Dist. No. 2010-A-0046, 2011-Ohio-3746, ¶ 26. "For purposes of determining when the 180-day time period for filing a postconviction relief petition shall accrue, only the certified, written transcript constitutes a 'transcript' under App.R. 9 and R.C. 2953.21(A)(2) * * *." *State v. Everette*, 129 Ohio St. 3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, syllabus. And in *State v. Chavis-Tucker*, 10th Dist. No. 05AP-974, 2006-Ohio-3105, the court of appeals rejected a contention that the 180-day time period

to file a petition for postconviction relief began from the filing of two supplemental transcripts of pretrial hearings.   *Id*. at ¶ 7-9.

{¶6} The rationale behind these holdings is that an appellant should not be allowed to unilaterally extend the statute's time limitation by filing irrelevant transcripts of pretrial hearings months after the filing of his trial transcript.   *State v. Johnson*, 11th Dist. No. 99-T-0143, 2001 Ohio App. LEXIS 494 (Feb. 9, 2001); *Chavis-Tucker* at ¶ 8.

{¶7} Durham received permission to supplement the record with proceedings in CR-504209.   That was a previous case number involving the same charges.   It had been dismissed without prejudice by the state and refiled as CR-525549.   Nothing in the record from CR-504209 had any relevance to the appeal from Durham's conviction in CR-525549.   Durham also received permission to supplement the record with proceedings from a domestic violence case in the Bedford Municipal Court.   Again, the record from the municipal court case had no relevance to the appeal in CR-525549.

{¶8} Although the court did not state timeliness as a basis for denying the requested relief, we may sua sponte raise timeliness because it is a jurisdictional issue. *State v. Hill*, 160 Ohio App.3d 324, 2005-Ohio-1501, 827 N.E.2d 351, ¶ 15 (8th Dist.). We conclude that the filing of the supplemental record in Durham's direct appeal did not extend the time to file a petition for postconviction relief.   The certified, written transcript from that appeal was filed on June 10, 2010.   Durham did not file his petition for postconviction relief until March 12, 2011 — a period in excess of 180 days.   This deprived the court of jurisdiction to consider the petiton for postconviction relief.

**{¶9}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR