[Cite as *State v. Barker*, 2016-Ohio-8476.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140445 |
| | | TRIAL NO. B-1107595-C |
| Respondent-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| TYSHAWN BARKER, | : | |
| | | |
| Petitioner-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 30, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran,* Assistant Prosecuting Attorney, for Respondent-Appellee,

The Office of the Ohio Public Defender, and *Sheryl A. Trzaska*, Assistant State Public Defender, for Petitioner-Appellant.

**FISCHER, J.**

{¶1}   Petitioner-appellant Tyshawn Barker appeals the Hamilton County Common Pleas Court's judgment denying his petition under R.C. 2953.21 et seq. seeking postconviction relief from his 2013 convictions.   We affirm the court's judgment.

{¶2}   In 2011, Barker was arrested as a juvenile on charges of aggravated murder and murder.   Following a hearing concerning his amenability to rehabilitation in the juvenile system, the Hamilton County Juvenile Court transferred jurisdiction to the Hamilton County Court of Common Pleas.   After the common pleas court overruled his motion to suppress his statement to the police, Barker entered and was convicted upon no-contest pleas to multiple counts of aggravated murder, aggravated robbery, and tampering with evidence.

{¶3}   We affirmed Barker's convictions in his direct appeal.   *State v. Barker*, 1st Dist. Hamilton No. C-900676, 2014-Ohio-3245.   Barker appealed our decision to the Ohio Supreme Court.   The Supreme Court remanded the case to this court to determine whether Barker had knowingly, voluntarily, and intelligently waived his *Miranda* rights and whether his statement to the police had been voluntary.   *State v. Barker*, ____ Ohio St.3d ____, 2016-Ohio-2708, ___ N.E.3d ____.   On remand, we held that the trial court had properly overruled Barker's motion to suppress his statement, and we again affirmed his convictions.   *State v. Barker*, 1st Dist. Hamilton No. C-130214, 2016-Ohio-7059.   His appeal of that judgment to the Ohio Supreme Court remains pending.

{¶4}   Barker also challenged his convictions in a postconviction petition filed with the common pleas court in January 2014.   In this appeal, he advances a single assignment of error challenging the denial of his petition without a hearing.   We find no merit to this challenge.

2

### The Petition Was Timely Filed

{¶5} We reject at the outset the state's contention that Barker's petition was not timely filed. R.C. 2953.21 et seq., governing the proceedings upon a postconviction petition, confer upon a common pleas court jurisdiction to entertain, and to grant relief based on, a claim advanced in a timely filed petition alleging "a denial or infringement of the [petitioner's] rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a). When, as here, a direct appeal was taken, a petition must be filed within 180 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2).

{¶6} After filing his notice of appeal, Barker moved for, and this court ordered, the preparation and filing of a "complete transcript of the proceedings * * * includ[ing]: all plea and pretrial proceedings; * * * all post-trial and sentencing proceedings; and all juvenile-court proceedings, which occurred before the case was transferred to common pleas [court]." App.R. 10 (B) imposes upon the clerk of the trial court a duty to transmit to the clerk of the court of appeals "the transcript of proceedings * * * if the appellant has ordered one." But the "complete transcript of the proceedings" that Barker had requested, and that this court had then ordered, was filed in three parts: the transcripts of the plea and sentencing hearings were filed on April 18, 2013; the transcript of the bindover hearing was filed three months later, on July 15, 2013; and the transcript of the hearing on Barker's pretrial motion to suppress was filed on May 27, 2014.

{¶7} Barker filed his postconviction petition on January 17, 2014. Thus, he filed his petition 274 days after the filing of the plea- and sentencing-hearing transcripts, 186 days after the filing of the bindover-hearing transcript, and before the filing of the suppression-hearing transcript.

{¶8} The state did not argue below that Barker's petition was untimely. And the common pleas court addressed and denied the petition on its merits. But the state now insists that the common pleas court had no jurisdiction to entertain the petition. The petition, the state insists, was not timely filed when the 180 days began to run upon the filing of the plea- and sentencing-hearing transcripts on April 18, 2013, and that the petition did not satisfy the jurisdictional requirements for a late petition under R.C. 2953.23. We hold, to the contrary, that the petition was timely filed.

{¶9} *"Trial transcript" means the transcript of the proceedings before the trial court.* The 180-day period for filing a postconviction petition is triggered by the filing of "the trial transcript * * * in the court of appeals in the direct appeal of the judgment of conviction." R.C. 2953.21(A)(2). Barker was convicted upon no-contest pleas and thus there was no "trial transcript" to be filed. Thus, a strict reading of the term "trial transcript" would mean either that R.C. 2953.21(A)(2)'s time limitation did not apply to him, or that the postconviction statutes afforded him no remedy.

{¶10} But the Ohio Supreme Court in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999), declared that the postconviction statutes provide "a remedy [for] a defendant who has either been tried and found guilty * * *, or who has pled guilty and has been convicted." *Id.* at 283. And the court in *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, defined the term "trial transcript" with reference to App.R. 9 and used the term interchangeably with the term "transcript of proceedings," in holding that the filing of the certified written (rather than videotaped) transcript triggers the statutory time. *Id.* at ¶ 20, 27. This court has also consistently read the term "trial transcript" to mean the "transcript of proceedings" contemplated by App.R. 9. *See, e.g., State v. Smith*, 1st Dist. Hamilton No. C-120163, 2012-Ohio-5965, ¶ 7; *State v. Lawson*, 1st Dist. Hamilton Nos. C-120077 and C-120067, 2012-Ohio-5281, ¶ 6. Therefore, the 180-day period for filing a postconviction petition begins to run upon the

4

filing of those transcripts of the trial-court proceedings resulting in the conviction appealed, indicated by the appellant to be "necessary for inclusion in the record [on appeal]." *See* App.R. 9(A) and (B).

{¶11} By pleading no-contest, rather than guilty, to the charges against him, Barker preserved his ability to challenge in his direct appeal the overruling of his motion to suppress. *See* Crim.R. 12(I); *State v. Lopez*, 166 Ohio App.3d 337, 2006-Ohio-2091, 850 N.E.2d 781 (1st Dist.), ¶ 48. In May 2013, this court, at Barker's request, ordered the preparation and filing of a "complete transcript of the proceedings," including, among other things, "all * * * pretrial proceedings." Because the trial court failed to record an entry overruling the motion to suppress, counsel appointed to represent Barker in his direct appeal did not, in preparing the appellant's brief, recognize that a part of the "complete transcript of proceedings" that had been ordered—the transcript of the pretrial suppression hearing—had yet to be filed. When, in early May 2014, counsel and then this court learned of this deficiency, this court again ordered the preparation and filing of the transcript of this pretrial proceeding and permitted Barker to add an assignment of error challenging the overruling of his motion to suppress.

{¶12} Thus, for purposes of R.C. 2953.21(B)(2), Barker's "trial transcripts" consisted of those transcripts of the proceedings before the trial court that were "necessary for inclusion in the record [on appeal]." And those transcripts cannot be said to have been filed with this court until May 27, 2014, when this court's May 2013 order for preparation and filing of "a complete transcript of the proceedings" was at last satisfied. By then, Barker had filed his postconviction petition. Therefore, the petition was timely filed, and the common pleas court had jurisdiction under R.C. 2953.21 to entertain it.

{¶13} ***Other appellate district cases are distinguishable.*** We recognize that decisions out of other appellate districts might be read to insist on a

strict reading of the phrase "trial transcript" as used in R.C. 2953.21(A)(2). Those courts have held that the time for filing a postconviction petition begins to run upon the filing of the transcript of the petitioner's "trial," and that the filing time cannot then be extended by "supplement[ing]" the record five months later with the transcript of a suppression hearing, *State v. Johnson*, 11th Dist. Trumbull No. 99-T-0143, 2001 Ohio App. LEXIS 494, *4-5 (Feb. 9, 2001), or by the subsequent filing of "irrelevant" pretrial transcripts, *State v. Wilson*, 6th Dist. Lucas No. L-13-1210, 2014-Ohio-1307, ¶ 7-10, "irrelevant" transcripts of pretrial hearings concerning scheduling and the appellant's bond, *State v. Chavis-Tucker*, 10th Dist. Franklin No. 05AP-974, 2006-Ohio-3105, ¶ 6-8, a transcript of a witness's grand-jury testimony, *State v. Dotson*, 2d Dist. Clark No. 06-CA-45, 2007-Ohio-4078, ¶ 6-7, transcripts of proceedings in previous cases that "had [no] relevance to the appeal," *State v. Durham*, 8th Dist. Cuyahoga No. 98044, 2012-Ohio-4165, ¶ 5-7, or audio recordings that had been played for the jury at trial, but had not been included in the initial record filed with the court. *State v. Rice*, 11th Dist. Ashtabula No. 2010-A-0046, 2011-Ohio-3746, ¶ 22-31.

{¶14} But those cases are distinguishable here. The appeals in those cases all derived from convictions following a trial rather than the entry of a guilty or no-contest plea. And those appellate districts have also accepted that the postconviction statutes afford a remedy to a petitioner convicted upon a guilty or no-contest plea. *See State v. Moon*, 8th Dist. Cuyahoga No. 101930, 2015-Ohio-1648; *State v. Connin*, 6th Dist. Lucas No. L-14-1098, 2015-Ohio-631; *State v. Osco*, 11th Dist. Portage No. 2014-P-0010, 2015-Ohio-45; *State v. Withers*, 10th Dist. Franklin Nos. 12AP-865 and 12AP-868, 2013-Ohio-420; *State v. Day*, 2d Dist. Greene No. 2012 CA 0011, 2012-Ohio-4620.

{¶15} Moreover, as the Tenth and Eighth Districts have noted, "[t]he rationale behind these holdings is that an appellant should not be allowed to unilaterally extend the statute's time limitation by filing irrelevant transcripts of pretrial hearings months

6

after the filing of his trial transcript." *Durham* at ¶ 6, citing *Johnson* and *Chavis-Tucker*; *Chavis-Tucker* at ¶ 8, citing *Johnson*. That rationale would not compel a contrary result here. The transcript of the hearing on Barker's motion to suppress was filed not with the purpose of extending the time to file his postconviction petition, but to satisfy this court's order, issued a year earlier, that the complete transcript of the proceedings before the trial court, including any pretrial hearings, be prepared and filed. And the transcript was certainly relevant to Barker's appeal, when he had, by pleading no-contest, preserved his ability to challenge on appeal the overruling of his motion to suppress and had then assigned as error the overruling of that motion.

### Postconviction Relief Was Properly Denied

{¶16} The common pleas court thus had jurisdiction to entertain Barker's postconviction petition. But we hold that the court properly declined to conduct a hearing on his postconviction claim and properly denied him the relief sought.

{¶17} To prevail on a postconviction claim, the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction that rendered the conviction void or voidable under the state or federal constitution. R.C. 2953.21(A)(1). The petitioner bears the initial burden of demonstrating, through the petition, the supporting affidavits, and the files and records of the case, "substantive grounds for relief." R.C. 2953.21(C). A postconviction claim is subject to dismissal without a hearing if the petitioner has failed to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. *Id.*; *State v. Pankey*, 68 Ohio St.2d 58, 58-59, 428 N.E.2d 413 (1981); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980), syllabus. Conversely, "the court must proceed to a prompt hearing on the issues" if "the petition and the files and records of the case show the petitioner is * * * entitled to relief." R.C. 2953.21(E).

{¶18} Barker sought relief from his convictions on the ground that they had been the product of his trial counsel's ineffectiveness in investigating, preparing, and

7

presenting his case at the bindover hearing. This claim presented matters that depended for their resolution upon evidence outside the record. Thus, the claim was not, as the common pleas court concluded, barred under the doctrine of res judicata. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶19} But the claim was properly denied on the alternative basis that it was not adequately supported. To prevail on a postconviction claim of ineffective assistance of counsel, the petitioner must demonstrate (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. We conclude that the evidence offered by Barker in support of his postconviction claim did not demonstrate an outcome-determinative deficiency in his counsel's performance at the bindover hearing.

{¶20} Barker supported his petition with outside evidence in the form of the bindover evaluation prepared at the behest of the juvenile court by Paul Deardorff, Ph.D.; the affidavit of an attorney with experience in juvenile law and bindover proceedings; the Ohio Department of Youth Services Behavioral Health Services Program Manual; and amici briefs filed in two unrelated United States Supreme Court cases by an array of mental-health organizations, outlining the scientific research concerning adolescent development and culpability underlying the Court's decisions holding that, as applied to juveniles, the death penalty and certain life sentences are unconstitutional. This evidence, Barker insisted, showed that his trial counsel had been ineffective at the bindover hearing in failing to present evidence showing the developmental differences between adolescents and adults, in failing to call Dr. Deardorff to testify concerning Barker's amenability to rehabilitation through the juvenile justice system, in failing to present testimony by an independent psychologist

8

concerning the effect of Barker's age and cognitive impairment on his culpability, and in failing to argue in favor of a serious-youthful-offender disposition.

{¶21} Barker also indicated in his January 2014 petition that he "intend[ed] to amend [the] petition with the report and affidavit of an independent psychologist" whose services he was in the process of securing. On May 29, 2014, after the transcript of the suppression hearing had at last been filed in the direct appeal, but before the state responded to his postconviction petition, Barker reiterated his intention to amend his petition by filing with the common pleas court a document captioned "Information * * * Regarding Amended [Postconviction] Petition * * *." In the "Information," Barker advised the court that he was awaiting completion of, and intended to submit with his amended petition, two reports: the report referred to in his postconviction petition, concerning his evaluation by forensic psychologist Daniel L. Davis, Ph.D.; and a "supplemental report," relevant to the suppression motion, concerning his "comprehension level, cognitive delays, or ability to execute a knowing, intelligent, and voluntary waiver." On June 30, 2014, the common pleas court entered findings of fact and conclusions of law and denied the petition without an evidentiary hearing.

{¶22} On appeal, Barker asserts that Dr. Davis's reports would have demonstrated counsel's ineffectiveness at both the bindover hearing and the hearing on the motion to suppress. He insists that the trial court abused its discretion in denying his petition before he could amend it and in failing to conduct an evidentiary hearing.

{¶23} Although Dr. Deardorff did not testify at the bindover hearing, his report was presented during the hearing. The juvenile court considered that report and the R.C. 2151.12 factors, including Barker's age and mental capacity, and decided to transfer jurisdiction to the common pleas court upon concluding that Barker was not amenable to rehabilitation through the juvenile justice system within the available time period, and that community safety required adult sanctions. In the direct appeal, we held that the decision to transfer the case did not constitute an abuse of discretion. *Barker*, 1st

Dist. Hamilton No. C-900676, 2014-Ohio-3245, at ¶ 5, 7-8. And on appeal from our decision, the Ohio Supreme Court accepted jurisdiction not to review that determination, but to determine whether the presumption of voluntariness contained in R.C. 2933.81(B) violates due process when applied to a juvenile and whether that presumption affects a reviewing court's analysis of a purported waiver of *Miranda* rights. *See Barker*, ____ Ohio St.3d ____, 2016-Ohio-2708, __ N.E.3d ____, at ¶ 19, citing *State v. Barker,* 141 Ohio St.3d 1473, 2015-Ohio-554, 25 N.E.3d 1080.

{¶24} Barker's postconviction challenge to his counsel's effectiveness in the bindover proceedings, as well as the challenge proposed in the "Information" to counsel's effectiveness concerning the motion to suppress, depended heavily on Dr. Davis's reports. Barker could have amended his petition to include those reports and the proposed suppression challenge, either by right, before the state filed its opposing memorandum on June 16, 2014, or by leave, before the court filed its findings of fact and conclusions of law denying the petition on June 30. *See* R.C. 2953.21(F). But he neither amended his petition nor asked the court to stay its decision until he could file an amendment. Therefore, the court, in deciding the petition more than six months after its submission, cannot be said to have abused its discretion.[1]

{¶25} Because Barker did not amend his petition, the common pleas court, in deciding the petition, did not have before it Dr. Davis's reports or the proposed challenge to counsel's effectiveness concerning the motion to suppress. And the outside evidence offered by Barker in support of his challenge to counsel's effectiveness at the bindover hearing cannot be said to have demonstrated a reasonable probability of a different result. *See Strickland*, 466 U.S. at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraph three of the syllabus.

---

[1] Dr. Davis's reports were finally filed on November 21, 2014, in support of Barker's second postconviction petition and his Civ.R. 60(B) motion seeking relief from the June 30 judgment denying his first petition. The second petition and the Civ.R. 60(B) motion remain pending before the common pleas court.

{¶26} Barker thus failed to sustain his burden of submitting evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. We, therefore, hold that the common pleas court properly denied his postconviction petition without an evidentiary hearing. *See* R.C. 2953.21(C); *Pankey*, 68 Ohio St.2d at 58-59, 428 N.E.2d 413; *Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819, at syllabus. Accordingly, we overrule the assignment of error and affirm the court's judgment.

Judgment affirmed.

**HENDON, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.