[Cite as *State v. Deaton*, 2019-Ohio-2128.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28120 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-66 |
| | : | |
| JAMES A. DEATON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . 

O P I N I O N

Rendered on the 31st day of May, 2019.

. . . . . . . . . . 

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KORT GATTERDAM, Atty. Reg. No. 0040434 and DAVID F. HANSON, Atty. Reg. No. 0059580, 280 Plaza, Suite 1300, 280 North High Street, Columbus, Ohio 43215
        Attorneys for Defendant-Appellant

. . . . . . . . . . . . 

TUCKER, J.

{¶ 1} The trial court dismissed Appellant James Deaton's petition for postconviction relief based upon its conclusion that the petition was not timely filed. The trial court also concluded that the petition, even if timely filed, was barred by the doctrine of res judicata. Deaton's petition was timely filed, and, as conceded by the State of Ohio, res judicata did not act to bar the petition. The trial court's judgment is reversed and remanded for consideration of the merits of Deaton's petition.

## Facts and Procedural History

{¶ 2} Deaton was convicted and sentenced for felonious assault (deadly weapon) with an attached firearm specification, abduction with an attached firearm specification, having weapons under disability, and other offenses. After the merger of certain counts, the trial court sentenced Deaton to a 15-year prison term.

{¶ 3} Deaton's convictions resulted from an encounter with his estranged wife. It was not disputed that, during the encounter, the wife's vehicle was twice struck by bullets fired from a revolver Deaton possessed while she was seated in the vehicle. The factual disputes at trial centered upon how Deaton came to possess the revolver, and whether, as asserted by Deaton, the revolver twice discharged accidentally. The jury obviously resolved these factual disputes against Deaton.

{¶ 4} Deaton appealed the convictions, and appellate counsel was appointed. Appellate counsel filed a praecipe for transcript which requested the preparation and filing of a transcript of the final pretrial hearing and of the three-day jury trial. The requested transcripts were filed in this court on August 24, 2016. Before any briefs had been filed,

appellate counsel sought leave to withdraw as Deaton's attorney. The motion was granted. Shortly thereafter, new counsel entered an appearance on Deaton's behalf. New counsel filed a motion to supplement the appellate record with a transcript of Deaton's sentencing hearing and filed a second praecipe for transcript. The motion stated that, "due to unknown circumstances, the record previously submitted did not include the Sentencing Hearing transcript." We sustained the motion. The sentencing hearing transcript was filed in this court on December 16, 2016. We ultimately affirmed Deaton's convictions. *State v. Deaton*, 2d Dist. Montgomery No. 27181, 2017-Ohio-7044.

{¶ 5} On December 15, 2017, Deaton filed a pro se petition requesting postconviction relief under R.C. 2953.21. The petition, broadly speaking, asserted that Deaton's trial attorney provided ineffective assistance of counsel because counsel did not retain and call as a witness an expert to support Deaton's claim that his firearm had discharged accidentally. The petition included a report prepared by John Nixon, a ballistics and firearms expert, that can be interpreted to support the claim of accidental discharge.

{¶ 6} The trial court dismissed Deaton's petition. The trial court determined that the petition was filed beyond the statutory limitation period, that no statutory exception acted to save the late filing, and, as such, the court was without jurisdiction to consider Deaton's petition. This appeal followed.

**Analysis**

{¶ 7} Deaton asserts three assignments of error as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT'S PETITION UNTIMELY AS APPELLANT FILED HIS PETITION WITHIN THE STATUTORY TIMEFRAME.

THE TRIAL COURT ABUSED ITS DISCRETION IN APPLYING RES JUDICATA TO APPELLANT'S GROUND FOR RELIEF IN HIS POST-CONVICTION PETITION AS APPELLANT PRESENTED EVIDENCE DEHORS THE RECORD CONTAINING SUFFICIENT OPERATIVE FACTS TO DEMONSTRATE THAT TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, ARTICLE I, SECTIONS 10 AND 16, OHIO CONSTITUTION, AND R.C. 2953.21.

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED APPELLANT'S MOTION FOR LEAVE TO AMEND IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 10 AND 16, OHIO CONSTITUTION; AND R.C. 2953.21.

### Petition Was Timely Filed

{¶ 8} R.C. 2953.21(A)(2) provides that when a direct appeal is involved, a postconviction relief petition must be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.23(A)(1)(a) and (b) provides that a petition filed after the 365-day limitation period may be considered if certain conditions are met.

A trial court is without jurisdiction to consider a postconviction relief petition if it is filed outside the limitation period and the petitioner fails to satisfy R.C. 2953.23(A)(1)(a) and (b). *State v. Greathouse*, 2d Dist. Montgomery No. 24084, 2011-Ohio-4012, ¶ 12; *State v. Chavis*, 10th Dist. Franklin No. 15AP-557, 2015-Ohio-5549, ¶ 14; *State v. Cunningham*, 2016-Ohio-3106, 65 N.E.2d 307, ¶ 13 (3d Dist.).

{¶ 9} The trial court, not realizing that R.C. 2953.21(A)(2) had been amended to extend the filing deadline to 365 days, analyzed the timeliness issue based upon the previous 180-day limitation period. Using the incorrect 180-day limitation period, the trial court concluded that Deaton's petition was not timely filed and that the petition was not saved by application of R.C. 2953.23(A)(1)(a) or (b).[1] Based upon these conclusions, the trial court determined that it was without jurisdiction to decide the petition.

{¶ 10} While conceding the trial court's error, the State nonetheless asserts that Deaton's petition was not timely filed. This argument rests upon the contention that the trial transcript was filed on August 24, 2016, the date that the transcripts of the final pretrial hearing and the jury trial were filed in the court of appeals in accordance with the first praecipe. If the August 24 filing began the limitation period clock, the petition was filed late, R.C. 2953.23(A)(1) does not assist Deaton, and the trial court, despite its mistake, correctly dismissed the petition. We conclude, however, that the limitation period began to run on December 16, 2016, the date that the transcript of the sentencing hearing was

---

[1] R.C. 2953.23(A)(1)(a), (b) provides that an otherwise untimely petition may be considered if the petitioner establishes either that he was "unavoidably prevented" from discovery of the facts upon which the petition relies or the United States Supreme Court has recognized the retroactive application of a new federal or state right applicable to the petitioner, and the petitioner establishes by clear and convincing evidence that but for the "constitutional error * * * no reasonable jury would have found the petitioner guilty * * *."

filed in the court of appeals in accordance with the second praecipe. Thus, Deaton's petition, filed on December 15, 2017, was timely.

{¶ 11} Resolution of which date controls – August 24, 2016 or December 16, 2016 – turns upon the meaning of the term "trial transcript" set forth in R.C. 2953.21(A)(2). The term is not defined; however, the First Appellate District, in *State v. Barker*, 2016-Ohio-8476, 78 N.E.3d 1250 (1st Dist.), had an opportunity to discuss and resolve the meaning of "trial transcript." After a motion to suppress was overruled, Barker pleaded no contest to several criminal counts. Barker appealed, and appellate counsel was appointed. Counsel filed a praecipe requesting the transcription and filing of a "complete transcript of the proceedings" including "all pretrial proceedings." *Id.* at ¶ 6. All proceedings were transcribed and filed except for a suppression hearing, which was not transcribed because the trial court did not file a decision and entry overruling the suppression motion. Upon becoming aware of the omission, counsel requested that the appellate record be supplemented with the suppression hearing transcript. The appellate court ordered the supplementation. Thereafter, the appellate court affirmed Barker's conviction.

{¶ 12} In the meantime, Barker had filed a petition for postconviction relief. The trial court, without timeliness of the petition being raised, dismissed Barker's petition on substantive grounds. Barker, once again, appealed. The State, on appeal, asserted that the limitation period began to run when, in the first appeal, the plea and sentencing hearing transcripts were filed in the court of appeals. The *Barker* opinion rejected the State's argument concluding that "Barker's trial transcripts consisted of those transcripts of the proceedings before the trial court that were 'necessary for inclusion in the record

[on appeal].' " *Barker* ¶ 12, quoting App.R. 9(B)(1). The *Barker* decision concluded that the suppression hearing transcript was necessary for inclusion in the appellate record, that, given this, the limitation period began to run upon the filing of the suppression hearing transcript, and, thus, Barker's petition seeking postconviction relief was timely filed.

{¶ 13} In support of its interpretation of the "trial transcript" and its filing, the *Barker* court noted that the Ohio Supreme Court, in *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, 951 N.E.2d 1018, "defined the term 'trial transcripts' with reference to App.R. 9 and used this term interchangeably with the term 'transcript of proceeding,' in holding [under a previous version of App.R. 9] that the filing of the certified written [rather than videotaped] transcript triggers the [commencement of the R.C. 2953.21(A)(2) limitation period]." *Barker* at ¶ 10.[2]

{¶ 14} Consistent with *Barker*, we conclude that the term "trial transcript" as used in R.C. 2953.21(A)(2) means those transcripts of the trial court proceedings that are objectively necessary for inclusion in the appellate record. This definition takes into account appellate record supplementation of unnecessary or irrelevant transcripts, perhaps filed with the intent of pushing back the postconviction relief limitation period. As stated in *State v. Durham*, 8th Dist. Cuyahoga No. 98044, 2012-Ohio-4165, "an appellant should not be allowed to unilaterally extend the statute's time limitation by filing irrelevant transcripts of pretrial hearings months after the filing of [the] trial transcripts." (Citations omitted.) *Durham* at ¶ 6. *See also State v. Chavis-Tucker*, 10th Dist. Franklin

---

[2] Upon consideration of the merits, *Barker* affirmed the trial court's dismissal of the petition for postconviction relief.

No. 05AP-944, 2006-Ohio-3105 (scheduling and bond hearing transcripts); *State v. Dotson*, 2d Dist. Clark No. 2006-CA-45, 2007-Ohio-4078 (witness's grand jury testimony).

{¶ 15} We conclude that the sentencing hearing transcript was objectively necessary for inclusion in the appellate record, and that the requested record supplementation, which we granted, was not an attempt to extend the postconviction limitation period. We realize that, in the direct appeal, Deaton did not assert a sentencing error. This, however, does not change the fact that the sentencing hearing is an integral part of a criminal case. Accordingly, we conclude that the R.C. 2953.21(A)(2) "trial transcript" in Deaton's original appeal was filed on December 16, 2016. Thus, Deaton's petition for postconviction relief was timely filed. Deaton's first assignment of error is sustained.

### Res Judicata Did Not Bar the Petition

{¶ 16} The trial court also concluded that res judicata barred Deaton's ineffective assistance of counsel assertion. In response to Deaton's second assignment of error, the State concedes that res judicata did not bar the ineffective assistance of counsel claim asserted in Deaton's petition, because the claim relied on evidence outside the record. Thus, Deaton's second assignment of error is sustained.

### No Need to Resolve Whether the Trial Court Erred by
### Overruling Deaton's Motion to Amend the Petition

{¶ 17} Deaton, in his final assignment of error, asserts that the trial court erred by overruling his motion to amend his petition for postconviction relief. Since the case has

to be remanded to the trial court, we conclude that there is no necessity to rule upon this assignment of error. Upon remand, Deaton may refile the motion to amend the petition. If he does so, the trial court can determine, in light of the need to decide the petition upon its merits, whether it is appropriate to allow the petition to be amended.

## Conclusion

{¶ 18} Deaton's first and second assignments of error are sustained. The judgment of the trial court is reversed, and the case is remanded to the trial court for consideration of the petition for postconviction relief on its merits.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Kort Gatterdam
David F. Hanson
Hon. Timothy N. O'Connell