[Cite as *State v. El-Jones*, 2013-Ohio-3349.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 26616 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELOHIM EL-JONES | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2011 01 0136 |

DECISION AND JOURNAL ENTRY

Dated: July 31, 2013

CARR, Judge.

{¶1}   Appellant, Elohim El-Jones, appeals the order of the Summit County Court of Common Pleas that denied his petition for postconviction relief without a hearing. This Court affirms.

I.

{¶2}   A jury found El-Jones guilty of murdering Michael Kirksey, and the trial court sentenced him to life in prison with the possibility of parole after thirty-three years. El-Jones appealed, and this Court affirmed his convictions, but reversed and remanded for the trial court to correct errors at the sentencing hearing. *State v. El-Jones*, 9th Dist. Summit No. 26136, 2012-Ohio-4134. While his direct appeal was pending, El-Jones petitioned the trial court for postconviction relief, arguing that trial counsel failed to raise an alibi defense and that his trial was marked by police and prosecutorial misconduct. The trial court denied the petition without a hearing, and El-Jones appealed.

II.

**Assignment of Error**

THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION FOR POSTCONVICTION RELIEF.

{¶3} El-Jones' assignment of error is that the trial court erred by denying his petition with respect to each of his two grounds for relief without a hearing. We disagree.

{¶4} Under R.C. 2953.21(A)(1), a convicted criminal defendant may petition the trial court to vacate or set aside the judgment or sentence because it is void or voidable under the Constitution of the United States or the Ohio Constitution. The petitioner may file documentary evidence in support of the petition. *Id.* A petitioner "is not automatically entitled to a hearing." *State v. Calhoun*, 86 Ohio St.3d 279, 282 (1999). In that respect, the trial court has a "gatekeeping" function. *State v. Gondor*, 112 Ohio St.3d 77, 2006-Ohio-6679, ¶ 51. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Calhoun* at paragraph two of the syllabus.

{¶5} When a trial court exercises its "gatekeeping" function by determining that the petitioner has not alleged sufficient operative facts that would establish the substantive grounds for relief, our review is a two-step process. First, we must determine whether the trial court's findings of fact are supported by competent and credible evidence. *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 11, citing *Gondor* at ¶ 52. "If this Court concludes that the findings are properly supported, then this Court reviews the trial court's decision in regard to its gatekeeping function for an abuse of discretion." *Id.* An abuse of discretion "connotes more

than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶6} El-Jones raised two grounds for relief in his petition: (1) that trial counsel was ineffective in failing to present an alibi defense, and (2) that he was denied the right to a fair trial because potential witnesses were threatened with criminal charges. With his petition, El-Jones filed the affidavits of family members who claim to have seen him at a family reunion on the date of the shooting, witnesses who claimed that they were threatened or coerced regarding their testimony at trial, and a witness who claimed that she overheard a conversation between a witness and the assistant prosecutor who tried the case.

{¶7} The trial court found that El-Jones was represented by the attorney of his choice, who replaced appointed counsel on the day that trial was scheduled to start and who filed "over twenty separate motions" after the continued trial date. The trial court also noted that El-Jones was permitted to address the court directly "on a number of occasions," but neither El-Jones nor his attorney raised the issue of an alibi defense despite ample opportunity to do so. With respect to Jazmine Lee, one of the witnesses whose affidavit alleged that she had been threatened by the State, the trial court found that she had been provided with appointed counsel to represent her interests during the proceedings and that "[n]either she nor her attorney raised any issues of coercion." With respect to Jeanette Bland, another witness who alleged coercion on the part of the State, the trial court found that her testimony at trial raised the issue and was consistent with her affidavit, noting that the jury had the opportunity to consider both her testimony and her earlier interview with police. This Court has thoroughly reviewed the record, and the trial court's findings are supported by competent and credible evidence.

**{¶8}** Turning to the second aspect of our analysis, we consider both of El-Jones' grounds for relief to determine whether the trial court abused its discretion by dismissing the petition without a hearing. In other words, if "the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate sufficient operative facts to establish substantive grounds for relief, then the trial court properly exercised its discretion in dismissing the petition without a hearing." *Wesson*, 2012-Ohio-4495, at ¶ 24, citing *Gondor*, 2006–Ohio–6679, at ¶ 52.

**{¶9}** When determining whether a petition and accompanying affidavits demonstrate sufficient operative facts to establish substantive grounds for relief, the trial court "should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *Calhoun* at paragraph one of the syllabus. The trial court must consider "all relevant factors" with respect to the affidavits, including, but not limited to:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Id.* at 285.

**{¶10}** In this case, the trial court noted that it "was fully involved in this case from the outset," presiding over all of the proceedings from trial through disposition of the petition for postconviction relief. With respect to the affidavits in support of El-Jones' ineffective assistance claim, the trial court observed that El-Jones had numerous opportunities to raise an alibi defense, but did not. The trial court explained that the affidavit evidence "is suspect and not compelling." The affidavits submitted by El-Jones consist of a form document with blanks filled in by the

affiants, all of whom are members of El-Jones' family. *See id.* Having reviewed the trial court record and the evidence in support of El-Jones' petition, we conclude that the trial court did not abuse its discretion with respect to El-Jones' first ground for relief.

{¶11} El-Jones' second ground for relief was that the he was denied a fair trial as a result of attempts by the State to coerce and threaten three witnesses for the defense: his mother, Sonya El, (2) his former girlfriend, Jazmine Lee, and (3) Jeanette Bland, a witness whose testimony placed El-Jones near the scene of the murder. Ms. El submitted a single affidavit and, for the same reasons considered in our discussion of Mr. El-Jones' first ground for relief, that affidavit does not set forth sufficient operative facts to establish substantive grounds for relief. *See Calhoun* at paragraph one of the syllabus.

{¶12} With respect to Ms. Bland and Ms. Lee, El-Jones' alleged error could have been fully addressed on direct appeal and is barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010–Ohio–3831, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The trial court noted that both testified at trial about their alleged harassment at the hands of the police and prosecutors. The trial record also demonstrates that both witnesses made prior inconsistent statements that were also submitted to the jury for consideration. Indeed, the trial record with respect to both witnesses is extensive. In the case of Ms. Lee, the trial record contains additional information related to her appearance in court and the potential charges that she faced as a result of failing to appear, and the record memorializes that she was represented by separate counsel in the course of the proceedings. El-Jones could have raised these issues on direct appeal based on the trial court record, and they are barred by res judicata.

**{¶13}** The trial court's findings of fact are supported by competent and credible evidence, and the trial court did not abuse its discretion by denying El-Jones' petition for postconviction relief without a hearing. His assignment of error is overruled.

III.

**{¶14}** El-Jones' assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.


<u>APPEARANCES:</u>

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.