[Cite as *In re D.J.*, 2019-Ohio-2988.]

STATE OF OHIO )   IN THE COURT OF APPEALS
            )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

IN RE: D.J.

C.A. No.    29119

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DL-11-11-2532

DECISION AND JOURNAL ENTRY

Dated: July 24, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, D.J., appeals the decision of the Summit County Court of Common Pleas, Juvenile Division, that dismissed his petition for postconviction relief without a hearing. This Court affirms.

I.

{¶2} In 2012, D.J. was adjudicated delinquent by virtue of committing rape, a violation of R.C. 2907.02(A)(1)(b), and murder, a violation of R.C. 2903.02(B). The charges arose out of the rape and subsequent death of D.J.'s three-year-old sister, M.R.J., following a period of time in which she was in his care. D.J. was fifteen years old at the time of the offense. The juvenile court found that D.J. was a serious youthful offender and committed him to the custody of the Ohio Department of Youth Services ("ODYS") through his twenty-first birthday. The juvenile court also imposed an adult sentence on the rape charge of life imprisonment with parole eligibility after twenty-five years pursuant to R.C. 2907.02(B), R.C. 2971.03(A)(2), and R.C.

2152.13(D)(1)(a), but stayed the adult portion of the sentence pending D.J.'s completion of the juvenile disposition. D.J. filed, but voluntarily dismissed, an appeal from his adjudication and disposition.

{¶3} During the juvenile portion of his disposition, D.J. appeared before the juvenile court for periodic dispositional reviews. During these reviews, the juvenile court made findings that reflected a mixed view of his progress. On October 7, 2016, the State moved to invoke the adult portion of D.J.'s sentence, arguing that he had not engaged in sex offender treatment while in the custody of ODYS. Because D.J. was within two months of his twenty-first birthday, the State also moved for an expedited hearing on the motion. The juvenile court granted the motion to invoke the adult sentence on November 22, 2016, five days before D.J.'s twenty-first birthday. In granting the motion, the juvenile court emphasized D.J.'s failure to participate in sex offender programming until January 2016 and his "superficial" participation thereafter. The juvenile court noted that "[D.J.]'s defiance and failure to timely engage in treatment constitutes conduct that demonstrates that [D.J.] has not been rehabilitated during the course of his ODYS commitment and cannot complete treatment so that he can safely enter the community in the few days that remain before his 21st birthday." On November 23, 2016, the trial court imposed the adult portion of D.J.'s sentence.

{¶4} D.J. appealed the juvenile court's order that granted the State's motion to invoke the adult portion of his sentence. The transcript in that direct appeal was filed with the clerk of this Court on January 27, 2017. On January 31, 2018, while that appeal was pending, D.J. petitioned the juvenile court for postconviction relief, asserting five claims for relief. The juvenile court did not take any action on the petition while the direct appeal was pending in this Court. On February 13, 2018, this Court affirmed the juvenile court's order that granted the

State's motion to invoke the adult portion of D.J.'s sentence. *In re D.J.*, 9th Dist. Summit No. 28472, 2018-Ohio-569. On February 28, 2018, the juvenile court determined that upon its initial review of the petition, D.J. would be allowed an evidentiary hearing on claims one, two, four, and five, but not on claim three. The juvenile court also ordered the parties to submit briefs on claims one, two, and four. The State moved to dismiss the petition, arguing that all of D.J.'s claims for relief were barred by res judicata or otherwise without merit. In response, D.J. conceded that claims three and four could have been raised on direct appeal.

{¶5}   On June 29, 2018, the juvenile court ruled on D.J.'s remaining claims for relief without having conducted an evidentiary hearing, concluding that each was barred by res judicata. D.J. filed this appeal. After oral argument on April 2, 2019, this Court stayed the appeal and remanded it to the juvenile court under App.R. 9(E) so that the clerk could certify and transmit the complete record. Approximately sixty days later, the clerk filed the record from the juvenile court in this appeal. On June 17, 2019, this Court reactivated the appeal and submitted it for decision.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DISMISSING CLAIMS ONE, TWO, AND
FIVE OF [D.J.]'S POST-CONVICTION PETITION ON *RES JUDICATA*
GROUNDS, BECAUSE THE CLAIMS RELIED UPON EVIDENCE OUTSIDE
THE RECORD.

{¶6}   In his only assignment of error, D.J. argues that the juvenile court erred by concluding that each of his claims for relief was barred by res judicata. This Court concludes that D.J. did not comply with the timeliness requirements set forth in R.C. 2953.21(A)(2), however, so the juvenile court lacked jurisdiction to consider his untimely petition. *See State v. Jones*, 10th Dist. Franklin No. 18AP-578, 2019-Ohio-1014, ¶ 12 (noting that a court of appeals

may address jurisdictional issues arising under R.C. 2953.21(A)(2) when the trial court rules on another basis).

**{¶7}** Under R.C. 2953.21(A)(1)(a),

> [a]ny person who has been * * * adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

The timeliness constraints for filing a petition for postconviction relief are described in R.C. 2953.21(A)(2), which provides that a petition for postconviction relief must be filed within 365 days of the date on which the transcript is filed in a direct appeal or, if no direct appeal is taken, within 365 days of the expiration of the time for filing an appeal. The 365-day period for filing is triggered when the certified, written transcript of the proceedings in the trial court is filed in the court of appeals. *See State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, ¶ 30 (applying the 180-day time limit set forth in former R.C. 2953.21(A)(2)). Because the time limit is triggered by the filing of the transcript in the direct appeal and not by service of any notice by mail or commercial carrier, the three-day mailing rule set forth in Civ.R. 6(D) does not operate to extend the time for filing. *See Lumbog v. Suansing*, 9th Dist. Summit No. 29135, 2019-Ohio-1871, ¶ 9, citing *Pogacsnik v. Jewett*, 9th Dist. Lorain No. 91CA005216, 1992 WL 181011, *2 (July 29, 1982) ("Civ.R. 6(D) applies only where the period for filing begins after the service of notice, and notice is served by mail."). *See also State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 14 (concluding that former Civ.R. 6(E) did not apply to the timelines set forth in R.C. 2953.21(A)(2)).

**{¶8}** A trial court may only entertain an untimely petition when:

> Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

R.C. 2953.23(A)(1)(a). A petitioner, other than one who challenges a sentence of death, must also demonstrate by clear and convincing evidence "that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1)(b). A trial court does not have jurisdiction to hear an untimely petition for postconviction relief unless the requirements of R.C. 2953.23(A) are met. *State v. Daniel*, 9th Dist. Summit No. 26670, 2013-Ohio-3510, ¶ 9.

{¶9} The trial court granted the motion to invoke the adult portion of D.J.'s sentence on November 22, 2016. The transcript in D.J.'s direct appeal from that order was filed with the clerk of this Court on January 27, 2017, so under R.C. 2953.21(A)(2), he had until January 27, 2018, to petition for postconviction relief. Because that date was a Saturday, the deadline for filing his petition fell on Monday, January 29, 2018. *See* Civ.R. 6(A). D.J., however, did not file his petition until Wednesday, January 31, 2018. He did not demonstrate by clear and convincing evidence that the requirements of R.C. 2953.23(A)(1) were met. Consequently, the juvenile court did not have jurisdiction to entertain his untimely petition. *See Daniel* at ¶ 9. *See also Garrett* at ¶ 13; *State v. Buckwald*, 9th Dist. Lorain No. 98CA007267, 2000 WL 1859845, *1 (Dec. 20, 2000).

{¶10} Because the juvenile court did not have jurisdiction to entertain D.J.'s untimely petition for postconviction relief, his sole assignment of error is overruled.

III.

**{¶11}** D.J.'s assignment of error is overruled. The judgment of the Summit County Juvenile Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JENNIFER M. KINSLEY, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.