[Cite as *State v. Roy*, 2020-Ohio-3536.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 19CA011473 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SOMNATH ROY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 07CR074732 |

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

---

CARR, Presiding Judge.

{¶1} Appellant Somnath Roy appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} This Court discussed much of the history of this case in a prior appeal:

Prior to the allegations that arose in this matter, Roy was a family physician practicing out of an independent medical office in the Gates Medical Building. Several of Roy's patients as well as two women who responded to a job opening at his medical office came forward, alleging that Roy had sexually abused them while acting in his capacity as a physician. A grand jury ultimately indicted Roy on the following counts: (1) abduction, gross sexual imposition, and sexual imposition, with respect to Jocelyn B.H.; (2) gross sexual imposition and sexual imposition, with respect to Annette A.; (3) gross sexual imposition and sexual imposition, with respect to Jolene G.; (4) gross sexual imposition and sexual imposition, with respect to L.S.; (5) gross sexual imposition and sexual imposition, with respect to Jennifer G.; (6) gross sexual imposition and sexual imposition, with respect to Shelby W.; and (7) sexual imposition, with respect to A.S. Before trial, the sexual imposition counts pertaining to A.S. and Shelby W. were dismissed on the basis that the statute of limitations had expired.

Roy waived his right to a jury, and the matter proceeded to a bench trial. At the close of the State's case-in-chief, the court acquitted Roy of the three sexual

imposition counts pertaining to Jolene G., L.S., and Jennifer G. The defense then presented its case-in-chief. At the close of trial, the court found Roy not guilty of three counts: the abduction count pertaining to Jocelyn B.H., the gross sexual imposition count pertaining to Jennifer G., and the gross sexual imposition count pertaining to Shelby W. The court found Roy guilty of the remaining six counts. Those counts were (1) gross sexual imposition and sexual imposition, with respect to Jocelyn B.H.; (2) gross sexual imposition and sexual imposition, with respect to Annette A.; (3) gross sexual imposition, with respect to Jolene G.; and (4) gross sexual imposition, with respect to L.S. The court sentenced Roy to community control.

*State v. Roy*, 9th Dist. Lorain No. 13CA010404, 2014-Ohio-5186, ¶ 2-3.

{¶3} Roy appealed, raising six assignments of error. *Id.* at ¶ 4. This Court concluded that insufficient evidence was presented to support Roy's conviction with respect to Jolene G. *Id.* at ¶ 46. In addition, this Court remanded the matter for resentencing as to an allied offenses issue. *See id.* at ¶ 79-80.

{¶4} While his direct appeal was pending, on January 27, 2014, Roy filed a "First Petition to Vacate or Set Aside Sentence Pursuant to [R.C.] []2953.21[.]" Accompanying the petition were transcripts of Roy's hearing before the State Medical Board of Ohio. On February 14, 2014, Roy filed an amended petition; the only change was to the request for relief. In his petition, Roy asserted that his trial counsel was ineffective for: (1) failing to advise Roy that he had an absolute right to testify and (2) failing to call certain witnesses to testify on behalf of Roy. In addition, Roy argued that the trial court failed to inform Roy during the trial that he had an absolute right to testify. In July 2016, the State filed a response to Roy's petition. The State included the State Medical Board of Ohio hearing examiner's report and recommendation in support of its argument. On August 13, 2018, the trial court issued a decision denying Roy's petition. On August 16, 2018, the trial court issued an entry stating that "[c]ounsel for both parties have advised the Court that the Court must issue findings of fact and conclusions of law because

the Court did not hold a hearing." On January 15, 2019, the trial court issued findings of fact and conclusions of law.

{¶5} Roy has appealed, raising four assignments of error for our review.

II.

**Preliminary Issue**

{¶6} Prior to addressing the merits of Roy's assignments of error, we pause to consider whether Roy's petition was timely filed. If a petition is untimely and the requirements of R.C. 2953.23(A) are not satisfied, a trial court is without jurisdiction to consider the petition. *State v. Sprenz*, 9th Dist. Summit No. 22433, 2005-Ohio-1491, ¶ 8. The date the petition is filed determines which version of R.C. 2953.21 is applicable. *See State v. Stephens*, 9th Dist. Summit No. 27957, 2016-Ohio-4942, ¶ 6.

{¶7} As Roy's petition was filed January 27, 2014, former R.C. 2953.21(A)(2) applies. Former R.C. 2953.21(A)(2) states in relevant part: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."

{¶8} The transcripts were filed in Roy's direct appeal on July 8, 2013. Given that date, Roy's petition would be untimely. However, in a journal entry, this Court concluded that the trial transcripts could not be considered part of the record on appeal because they were not certified. *State v. Roy,* 9th Dist. Lorain No. 13CA010404 (June 26, 2014). We ordered Roy to submit certifications for the impacted volumes. *Id.* Roy complied with the order and evidence of certification was filed July 2, 2014.

{¶9} In examining a related issue, the Supreme Court of Ohio has held that "whenever a written transcript is certified by the reporter in accordance with App.R. 9(A), the written transcript shall constitute the trial 'transcript' or 'transcript of proceedings' for purposes of calculating the time by which to file a petition for postconviction relief. A videotape recording constitutes the trial transcript or transcript of proceedings only when there is no written transcript certified by the reporter." *State v. Everette*, 129 Ohio St.3d 317, 2011-Ohio-2856, ¶ 27. Citing *Everette*, this Court has stated that the "period for filing is triggered when the certified, written transcript of the proceedings in the trial court is filed in the court of appeals." *In re D.J.*, 9th Dist. Summit No. 29119, 2019-Ohio-2988, ¶ 7. Given the foregoing, we can only conclude that Roy's petition was timely filed.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT BARRED APPELLANT'S CLAIM[S] ON THE BASIS OF RES JUDICATA[.]

{¶10} Roy argues in his first assignment of error that the trial court erred in concluding his claims were barred based upon res judicata.

{¶11} We cannot say that the trial court definitively determined that res judicata barred all of Roy's claims. In the trial court's August 2018 entry, the trial court stated that "[a]rguably this Court could deny Defendant's Motion on the basis of Res Judicata. * * * However, this Court will consider the merits of Defendant's assertions." Then, in the January 2019 entry detailing findings of fact and conclusions of law, the trial court indicated that it "could deny Defendant's Petitions on the basis of *res judicata*, as all of his assertions could have been fully litigated on his direct appeal to the Ninth District Court of Appeals." However, the trial court thereafter discussed the merits of Roy's arguments. Accordingly, we cannot say that Roy has even demonstrated that the trial court in fact concluded that Roy's claims were barred by res judicata.

{¶12}   Accordingly, this Court overrules Roy's first assignment of error.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION WITHOUT A HEARING[.]

{¶13}   Roy argues in his second assignment of error that the trial court erred in denying his petition without a hearing.  In so doing, Roy focuses primarily on the factors set out in *State v. Calhoun*, 86 Ohio St.3d 279 (1999).

> Under R.C. 2953.21(A)(1), a convicted criminal defendant may petition the trial court to vacate or set aside the judgment or sentence because it is void or voidable under the Constitution of the United States or the Ohio Constitution.  The petitioner may file documentary evidence in support of the petition.  *Id.*  A petitioner "is not automatically entitled to a hearing." []*Calhoun*, 86 Ohio St.3d [at 282.]  In that respect, the trial court has a "gatekeeping" function.  *State v. Gondor*, 112 Ohio St.3d 77, 2006-Ohio-6679, ¶ 51.  "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."  *Calhoun* at paragraph two of the syllabus.

*State v. El-Jones*, 9th Dist. Summit No. 26616, 2013-Ohio-3349, ¶ 4.

{¶14}   "When a trial court exercises its 'gatekeeping' function by determining that the petitioner has not alleged sufficient operative facts that would establish the substantive grounds for relief, our review is a two-step process."  *Id.* at ¶ 5.  "First, we must determine whether the trial court's findings of fact are supported by competent and credible evidence."  *Id.*, citing *State v. Wesson*, 9th Dist. Summit No. 25874, 2012-Ohio-4495, ¶ 11, citing *Gondor* at ¶ 52.  "If this Court concludes that the findings are properly supported, then this Court reviews the trial court's decision in regard to its gatekeeping function for an abuse of discretion."  *El-Jones* at ¶ 5, quoting *Wesson* at ¶ 11.  It does not appear that Roy is challenging the trial court's findings of fact.  *See* App.R. 16(A)(7).

{¶15} "When determining whether a petition and accompanying affidavits demonstrate sufficient operative facts to establish substantive grounds for relief, the trial court 'should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge the credibility of the affidavits in determining whether to accept the affidavits as true statements of fact." *El-Jones* at ¶ 9, quoting *Calhoun* at paragraph one of the syllabus.

> The trial court must consider "all relevant factors" with respect to the affidavits, including, but not limited to: "(1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial."

*El-Jones* at ¶ 9, quoting *Calhoun* at 285. "Depending on the entire record, one or more of these or other factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. Such a decision should be within the discretion of the trial court." *Calhoun* at 285.

{¶16} Roy raised two claims in his petition. One claim was based upon ineffective assistance of trial counsel and the second alleged that the trial court failed to inform Roy of his right to testify. That second claim, as discussed below in Roy's fourth assignment of error, is barred by res judicata and will not be further addressed here.

{¶17} "When a petitioner's post-conviction claim sounds in ineffective assistance of counsel, a trial court must analyze * * * h[is] claim under the two-step test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner must show that (1) counsel's performance was deficient, and (2) the deficiency prejudiced h[im]." (Internal quotations and citations omitted.) *State v. Mills*, 9th Dist. Summit No. 29190, 2019-Ohio-2416, ¶ 17.

{¶18} In his ineffective assistance of counsel claim, Roy alleged that trial counsel was ineffective in failing to inform Roy of his absolute right to testify and in failing to call certain witnesses to testify in Roy's defense. In support of Roy's claims, he did not present affidavits. Instead, he offered the testimony presented at his hearing before the State Medical Board of Ohio. In response, the State presented the report and recommendation of the hearing examiner who heard the testimony that Roy presented in support of his petition.

{¶19} As to Roy's claim that trial counsel failed to inform Roy of his absolute right to testify, he did not demonstrate entitlement to a hearing on that basis. At the hearing before the State Medical Board of Ohio, Roy's testimony was sometimes difficult to understand. At one point he did appear to state that he was not allowed to testify. However, he was then asked whether he made the decision not to testify after consultation with his attorney. Roy responded: "This was brought by my attorney during the trial when our time was coming. At that point I think he just asked me and my wife. I was getting ready to testify and then my wife said whatever judge said, whatever attorney said, is better because they know better than us, so if he is saying don't talk, then don't talk." Roy was then asked if he made the decision not to testify and he responded affirmatively.

{¶20} Here the evidence Roy submitted indicates overall that it was Roy's decision not to testify; a decision he made after consulting with his attorney. Roy did not demonstrate that his attorney failed to inform his of his right to testify, or that even if Roy's counsel did fail to do so, Roy would have nonetheless chosen to testify if he had been so informed. Instead, at best, it appears Roy may have regretted his decision not to testify at his trial.

{¶21} Roy additionally claims that his trial counsel was ineffective in failing to call several witnesses. Notably, several of the witnesses he mentioned in his petition were actually

called as defense witnesses during his trial. Thus, with respect to those witnesses, he failed to establish sufficient operative facts to establish substantive grounds for relief.

{¶22} As to the remaining witnesses that were not called at Roy's trial, Roy did not demonstrate that the failure of trial counsel to call them was anything other than trial strategy. *See State v. Were*, 118 Ohio St.3d 448, 2008-Ohio-2762, ¶ 222 ("Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court. Moreover, [a]ttorneys need not pursue every conceivable avenue; they are entitled to be selective.") (Internal quotations and citations omitted.); *see also State v. Spaulding*, 9th Dist. Summit No. 28526, 2018-Ohio-3663, ¶ 25. At trial, trial counsel called several witnesses in support of Roy's defense including employees, patients, and physicians in the community. Roy suggests that the additional patients, employees, and physicians should have been called to testify. However, it is not clear how these witnesses would provide testimony that was substantively different from the testimony of the witnesses who did testify at trial. Roy did not argue that the witnesses who were not called were present in the room during the incidents that resulted in Roy's convictions. Thus, even if the testimony of Roy's witnesses at the hearing before the State Medical Board of Ohio was taken at true, we cannot say Roy has demonstrated sufficient operative facts entitling him to relief. To the extent that Roy argued that one particular employee, S.H.S. could have rebutted the testimony of one of the victims concerning whether the victim repeatedly called the office, the trial court observed that the hearing examiner did not find S.H.S.'s testimony to be credible. Notably, the hearing examiner instead found the victim, who also testified at the hearing, to be credible. This supports the trial court's conclusion that Roy failed to demonstrate that he was prejudiced by trial counsel's failure to call S.H.S.

{¶23} Roy also argued that his trial counsel was ineffective for failing to call Roy and his wife. From the record before this Court, it does not appear that Roy's wife, who also worked at his office, witnessed any of the incidents. Thus, she could not directly contradict the testimony of the victims as to the incidents. As the trial court noted, it could be viewed as reasonable trial strategy to have Roy's wife appear beside him during the trial, instead of in the limited capacity as a witness. Further, it is possible that her testimony could have been viewed with suspicion given her close relationship to Roy.

{¶24} With respect to the argument that trial counsel was ineffective in failing to call Roy, Roy's own testimony evidences that Roy was involved in the decision not to testify. Further, this Court has noted that "[i]t is difficult to imagine a better example of trial strategy than a decision of whether a defendant should testify on his own behalf." (Internal quotations and citation omitted.) *State v. Ambrosio*, 9th Dist. Lorain No. 03CA008387, 2004-Ohio-5552, ¶ 14. The record is clear that English was not Roy's first language, and, thus, Roy was sometimes difficult to understand. Finally, as noted by the trial court, the hearing examiner, who did observe Roy's testimony, did not find him credible. This conclusion by the hearing examiner lends support to the conclusion that Roy did not demonstrate that he was prejudiced by trial counsel's failure to call Roy as a witness.

{¶25} Therefore, this Court cannot say that Roy has demonstrated that the trial court abused its discretion in denying Roy's petition without a hearing. In so doing, we do not view the *Calhoun* factors as particularly helpful under the circumstances. *Calhoun* provides factors for a trial court to consider in evaluating the credibility of affidavits, not testimony before a medical board. *See Calhoun,* 86 Ohio St.3d at 284-285. We note that while the trial court cited to *Calhoun* in its decision, it recited the standard for granting a hearing, not the factors themselves. Unlike an

affidavit, which represents one person's unchallenged statements as to what occurred, testimony at a hearing includes questioning from both sides and provides a different vantage point from which to consider the credibility of the witness. This is further enhanced here, where the trial court was provided with the report and recommendation of the hearing examiner. Thus, the trial court had before it the hearing examiner's view of the witnesses' credibility; there can be no dispute that the hearing examiner was in a far better position to evaluate the credibility of the witnesses as the hearing examiner could also view the witnesses' mannerisms and expressions and hear the tone of their voices when answering questions. Moreover, Roy did not point this Court to any cases applying the *Calhoun* factors in this context. *See* App.R. 16(A)(7).

{¶26} Overall, Roy has not demonstrated that the trial court abused its discretion in denying him a hearing on his petition. Roy's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DEFERRING TO THE STATE MEDICAL BOARD'S DETERMINATION[.]

{¶27} Roy argues in his third assignment of error that the trial court erred in deferring to the State Medical Board of Ohio's determination. In so doing, Roy points to several places in the trial court's decision where the trial court mentions the hearing examiner's findings as to witness credibility. Roy maintains that the trial court "delegate[d] his judgment to the judgment of the medical board."

{¶28} We cannot say that Roy has demonstrated the trial court acted improperly. A review of the entire judgment entry reveals that the trial court thoughtfully considered the issues before it. The trial court did not merely conclude that Roy's petition failed because the hearing examiner found Roy and another witness not credible. Instead, the trial court considered whether the evidence supported Roy's claim; for example, in evaluating the determination of trial counsel

to not call certain employees or other patients as witnesses, the trial court observed that "[it] is within trial counsel's strategy and tactics, since no employees or patients were identified as witnesses to the alleged unlawful acts, and any supportive testimony would be cumulative to that provided by the witnesses presented." Overall, it appears that the trial court cited to the credibility determinations of the hearing examiner in support of the notion that Roy failed to demonstrate prejudice. Given that the hearing examiner observed the witnesses testify and was therefore in a better position to evaluate their credibility, it would seem improper if the trial court would have completely ignored those findings. We conclude that the trial court's decision follows the spirit of the *Calhoun* decision. *Calhoun* noted that the statute envisioned a trial court exercising discretion in determining whether a hearing was warranted. *See Calhoun,* 86 Ohio St.3d at 284. Requiring the trial court to accept any sworn statements as true, particularly under circumstances in which a neutral trier of fact found the statements to not be credible, would require a hearing in almost all cases. *See id.*

{¶29} Roy has not demonstrated that the trial court abused its discretion. Roy's third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN APPLYING THE [THIRD] [CIRCUIT] HOLDING OF <u>PENNYCOOKE</u> AND ABUSE[D] ITS DISCRETION IN ITS APPLICATION OF <u>PENNYCOOKE</u>[.] [EMPHASIS SIC.]

{¶30} Roy argues in his fourth assignment of error that the trial court erred in applying *United States v. Pennycooke*, 65 F.3d 9 (3d Cir.1995).

{¶31} The trial court referenced *Pennycooke* in addressing the merits of Roy's second claim for relief. That claim asserted that the trial court failed to advise Roy at any point during the

trial that Roy had an absolute right to testify. The trial court determined that Roy's claim was without merit.

**{¶32}** Here, Roy's argument could have been raised on direct appeal as it would be evident from the transcripts whether the trial court gave Roy any advisement about testifying. Thus, the trial court should have concluded that Roy's claim was barred by res judicata. *See El-Jones*, 2013-Ohio-3349, at ¶ 12. However, any error in the trial court's consideration of the merits of Roy's argument is harmless as the trial court concluded that Roy's claim was without merit.

**{¶33}** Roy's fourth assignment of error is overruled.

### III.

**{¶34}** Roy's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

 

 

                                 _____
                                 DONNA J. CARR
                                 FOR THE COURT

HENSAL, J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

KIMBERLY KENDALL CORRAL, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.